**NBD BANK, N.A., Successor by Merger to INB National Bank, Northwest, Plaintiff–Appellee,**

v.

**Charles J. FULNER, Jr., Timothy B. Ayers; Carson P. Porter, Defendants–Appellants.**

No. 95–6551.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 3, 1997.

Decided March 18, 1997.

Charles M. Friedman (briefed), Elizabeth L. Thompson, Lisa A. Herndon, Mapother & Mapother, Louisville, KY, for plaintiff-appellee.

Carson P. Porter (briefed), Washington, DC, Julie O'Bryan Price, Price Law Office, Louisville, KY, for defendants-appellants.

\* The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Before: KENNEDY, NELSON, and GODBOLD \*, Circuit Judges.

GODBOLD, Circuit Judge.

This is a suit by an Indiana Bank against three individuals who own most of the stock of SterlingCare Group Limited, a corporation. Two of the individuals are officers and directors of the corporation. The bank alleged that the defendants are indebted to it under two promissory notes, respectively dated January 2, 1992 and September 23, 1992, and under "continuing guaranties" for payments of those notes. The guaranties were executed by the three individuals in October, 1990 concurrently with the execution of a previous note, guaranteeing payment of all present and future indebtedness of the corporation to the bank.[1]

The bank alleged that the 1992 notes were unpaid (for a total of $1,662,997.22) and that pursuant to the notes and defendants' guaranties defendants were indebted to the Bank in that amount.

The defendants filed an answer and three counterclaims. The first counterclaim was:

14. At all times herein mentioned INB owed the same fiduciary duty to SterlingCare and its shareholders as such directors and officers owe to a corporation, because INB took control of SterlingCare by its acts (among other things) in mandating that SterlingCare seek other sources of capital at a point in time when capital markets were not readily available to SterlingCare; in directing which corporate obligations SterlingCare should (and should not) pay or otherwise honor; failing and refusing to make proper disbursement of SterlingCare's funds; and, generally directing the financial affairs of SterlingCare.

15. INB, by and through its officers and agents, so acted intentionally, maliciously, wantonly, and/or recklessly.

16. Such conduct of INB has proximately caused the destruction of SterlingCare's

1. The note and the guaranties were made to INB National Bank, which has been succeeded by NBD Bank by merger.

operations as well as certain business opportunities available to SterlingCare; and, therefore has caused the loss by Defendants and Counterclaims of the value of their ownership interests in SterlingCare as well as future value through additional business opportunities available to SterlingCare, all in excess of the sum of $50,000 for each Counterclaimant.

App. 1, pp. 56–57.

A second counterclaim alleged a duty of the bank to conduct itself fairly and deal with the defendants in good faith. A third counterclaim asserted a right to indemnity and/or contribution from the bank arising out of the operations of SterlingCare. SterlingCare is said to be in bankruptcy reorganization.

The district court granted summary judgment to the bank on counterclaims one, two and three.[2] On appeal the defendants have not addressed counterclaims two and three; therefore we need not do so. Defendants' arguments to us are based solely on alleged error of the district court with respect to counterclaim one, the breach of fiduciary relationship claim. At the threshold, applying conflict of law principles, the court found that this claim was governed by Indiana law. For reasons that follow we do not need to address this finding. Applying Indiana law, the court set out three elements necessary for confidential relationship to exist: confidence reposed by one party in another with resulting superiority and influence exercised by the other; the party reposing the confidence must be in a position of inequality, dependence, weakness, or lack of knowledge; the dominant party must have wrongfully abused the confidence by improperly influencing the weaker so as to obtain an unconscionable advantage. The court found that there was no unconscionable advantage to the bank, because the guaranties in question had been executed in October, 1990 while the acts alleged to have been done by the bank, upon which defendants relied for creation of a fiduciary relationship, all allegedly occurred subsequent to January 1, 1992 when the bank expressed its intention to terminate its lending relationship with the company. Thus the bank's advantage of further security in the form of the guaranties was gained long before the bank's conduct that allegedly created its fiduciary duty.

We do not need to address the court's basis for decision. The bank was entitled to summary judgment on the first counterclaim for other reasons. The first counterclaim did not assert a claim by defendants as guarantors but alleged a fiduciary duty owed by the bank to SterlingCare and its shareholders. Nowhere does it allege a fiduciary duty owed to the defendants as guarantors; indeed it does not even mention the guaranties. Insofar as the counterclaim addresses a breach of duty to the corporation, an action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation. *Warren v. Manufacturers Nat'l Bank of Detroit*, 759 F.2d 542, 544 (6th Cir.1985). Insofar as the counterclaim seems to attempt to allege injury to defendants, it merely asserts loss to them as shareholders for diminution in value of their shares. A shareholder's rights are merely derivative unless he can show violation of a duty owed directly to him. Depreciation in value of shareholder's corporate stock is generally not the type of direct personal injury necessary to sustain a direct cause of action. See *Gaff v. F.D.I.C*, 814 F.2d 311 (6th Cir. 1987). The district court properly granted summary judgment.

Pending this appeal appellant Carson Page Porter suggested to this court that the proceedings should be stayed as to him because he had filed a petition for bankruptcy. Pursuant to 11 U.S.C. § 362 this court has, therefore, stayed the proceedings as to him, and it has proceeded to decision with the respect to the other two defendants/appellants.

AFFIRMED as to Charles J. Fulner and Timothy Ayers. STAYED as to Carson Page Porter.

---

**2.** It did not reach other counterclaims, and they have dropped out of the case.