IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20338

Summary Calendar

_____

WINSTON FITZGERALD CLARKE

Plaintiff-Appellant

versus

DISTRICT DIRECTOR UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; JANET RENO, US Attorney General

Defendants-Appellees

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC H-98-CV-2840

_____

March 9,2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The INS began deportation proceedings against Clarke March 14, 1996, and Clarke was ordered deported from the United States as a result of his criminal convictions, which occurred in 1995 and 1990.  Clarke sought a waiver from deportation under the INA, 8 U.S.C. § 1182(c)(repealed September 30, 1996).  That provision was repealed after the INS began Clarke's deportation proceedings and Clarke sought a waiver.  On May 7, 1997, an immigration judge determined that the AEDPA § 440(d), 8 U.S.C. 1105a(d)(repealed

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

September 30, 1996), rendered Clarke ineligible for waiver, because that provision excluded aliens convicted of certain offenses from waiver. The immigration judge issued a final order of deportation.

Clarke sought habeas relief. The magistrate judge determined that the INA, § 242(g), 8 U.S.C. § 1252(g), deprived the court of jurisdiction to hear Clarke's claims because he had been convicted of a specified offense. This provision applies to cases brought under the transitional rules of the IIRIRA. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 303 (5th Cir. 1999). The IIRIRA was enacted after Clarke's deportation proceedings commenced. The magistrate judge determined that the IIRIRA's transitional rules applied retroactively to Clarke, and that the court therefore lacked jurisdiction to consider his claim for discretionary relief. The magistrate judge further determined that the court lacked subject matter jurisdiction under 28 U.S.C. § 2241 to consider Clarke's claim for habeas relief, because the AEDPA § 440(a), 8 U.S.C. 1105a(a)(10)(repealed September 30, 1996), deprived federal courts of jurisdiction to review deportation orders of criminal aliens.

Since the magistrate judge decided this case, we have issued *Requena-Rodriguez v. Pasquarell*, 109 F.3d 299 (5th Cir. 1999), which controls this issue presented on appeal. The IIRIRA's transitional rules apply to persons whose deportation proceedings began before April 1, 1997, and ended more than 30 days after September 30, 1996. *See Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998). Clarke's deportation proceedings began March 14,

2

1996, and ended May 7, 1997, so his case is governed by the transitional rules. 8 U.S.C. § 1252(g), which deprives courts of jurisdiction to hear claims by aliens over an order of the Attorney General to "commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act," is a permanent rule that applies to transitional cases. The provision applies only to the actions specified in the statute. *See Reno v. American-Arab Anti-Discrimination Comm.*, 119 S.Ct. 936, 941 (1999). Section 1252(g) does not apply to Clarke's case, since his is not one of the specified actions. In *Requena-Rodriguez*, we joined the majority of Circuits and held that under the transitional rules of the IIRIRA, in a case in which § 1252(g) does not apply and direct review is unavailable, federal courts retain habeas jurisdiction under 28 U.S.C. § 2241. The IIRIRA's transitional rule § 309(c)(4)(G) precludes appeals of deportation orders for aliens convicted of aggravated felonies, such as Clarke, so direct review was unavailable to him. Under *Requena-Rodriguez*, we must vacate the magistrate judge's decision that the IIRIRA deprived the court of subject matter jurisdiction to review Clarke's claims. On remand, the court may consider constitutional and statutory challenges to the deportation order under its 28 U.S.C. § 2241 jurisdiction.

Clarke argues that the magistrate judge lacked jurisdiction to enter judgment. Clarke's attorney signed a consent form that included consent to entry of judgment by the magistrate judge. A party's attorney may consent to the entry of judgment by

3

a magistrate judge. *United States v. Muhammad*, 165 F.3d 327, 330 (5th Cir. 1999). A magistrate may exercise jurisdiction over a case by consent of the parties and by virtue of that consent may direct the entry of judgment. *See* 28 U.S.C. 636(c). The magistrate judge had jurisdiction to enter judgment.

VACATED and REMANDED; MOTION to expedite appeal MOOT.